# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DENNIS LEE ECKERT, JR.,            Civil Action No. 1:10-cv-674
    Petitioner,

                                        Barrett, J.
    vs.                               Bowman, M.J.

WARDEN, LEBANON               **REPORT AND**
CORRECTIONAL INSTITUTION,      **RECOMMENDATION**
    Respondent.

        Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on charges of robbery and theft after a bench trial in 2008 before the Clermont County Court of Common Pleas. (Doc. 3). This matter is before the Court on petitioner's motions filed on March 21, 2011 to stay the instant action and to amend the petition to add an ineffective assistance of appellate counsel claim as a ground for relief. (Docs. 15, 16). Respondent has not filed any pleading responding to petitioner's motions.

        Petitioner filed his federal habeas petition in September 2010. (Doc. 3). He alleges as the sole ground for relief that the evidence was insufficient to support his conviction for robbery. (Doc. 3, p. 5). On February 3, 2011, respondent filed a return of writ responding to petitioner's allegations. (Doc. 11). In the return of writ, respondent contends that petitioner procedurally defaulted and has waived his claim for relief because although he raised it on direct appeal to the Ohio Court of Appeals, he did not pursue a timely appeal to the Ohio Supreme Court. (Doc. 11, pp. 6-11). Thereafter, petitioner filed the pending motions to amend the petition to add an ineffective assistance of appellate counsel claim as a second ground for relief (Doc. 16) and to stay the instant action so that he can exhaust the additional claim in the state courts (Doc. 15).

**OPINION**

**Petitioner's Motions To Amend The Petition To Add A New Claim And To Stay This Action While He Exhausts That Claim In The State Courts (Docs. 15-16) Should Be Denied**

In his motion to amend the petition, petitioner seeks to add as a ground for relief a claim that his appellate counsel was ineffective "for failing to raise a claim of Ineffective Assistance of Trial Counsel" on direct appeal. (Doc. 16). Although the claim is stated in general terms in the motion to amend, petitioner asserts in his motion to "Place Habeas Corpus Petition In Abeyance" filed the same date that "Appellate Counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel for agreeing and stipulating to the facts favorable to the prosecution which prevented him from the right to face his accuser." (Doc. 15, p. 1). Petitioner requests a stay of the instant action so that he may file "a delayed application to reopen his Direct-Appeal to fairly present this claim, and to give the State the opportunity to correct this fundamental right due to him." (Doc. 15, p. 1).

It is well-settled that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002);

3

*Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny

4

a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, the claim petitioner seeks to exhaust in the state courts has not been asserted as a ground for relief in the petition, but rather is one that he seeks to add to the petition. Moreover, it appears that petitioner has exhausted all available state court remedies with respect to the one claim that has been alleged as a ground for relief. The Court is not required to dismiss or stay a "petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke,* 734 F.2d 1142, 1145 (6th Cir. 1984); *see also Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007); *Lee v. Wilson,* No. 1:04cv2169, 2008 WL 1775523, at *4 & n. 42 (N.D. Ohio Apr. 16, 2008). Because the present case does not involve a "mixed" petition containing both exhausted and unexhausted claims, the stay-and-abeyance procedure is inapplicable and would only apply if petitioner were allowed to amend the petition to include the unexhausted ineffective assistance of appellate counsel claim as an additional ground for federal habeas relief. *Accord Dailey v. Warden, Madison Corr. Inst.,* No. 1:07cv643, 2008 WL 1844060, at *1, *6 (S.D. Ohio Apr. 22, 2008) (Barrett, J.; Black, M.J.); *Allen v. Curtin,* No. 1:06cv241, 2009 WL 1606976, at *4 & n.2 (W.D. Mich. June 9, 2009) (and cases cited therein).

However, even if petitioner were permitted to amend the petition, thereby triggering the applicability of the stay-and-abeyance procedure to the case-at-hand, he has not satisfied the criteria for granting a stay under *Rhines*.

Petitioner has not offered, nor can the Court discern from the record, any justification that could arguably constitute "good cause" for his significant delay of nearly two years in pursuing relief in the state courts on a claim of error that occurred at the time of his direct appeal, which

5

concluded in July 2009. (*See* Doc. 11, Ex. 11). Indeed, it is clear from the record that petitioner knew at the time he was tried and convicted in August 2008 that the parties had entered an "Agreed Stipulation Of Facts" and that no additional evidence would be presented at the bench trial. (*See* Doc. 11, Ex. 21, Tr. 2-3, 6). Although petitioner filed a *pro se* petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 with the trial court in October 2009, wherein he generally alleged that his trial and appellate counsel were ineffective, he did not specify the factual bases supporting those claims or otherwise indicate any concerns about the stipulated facts that were entered as the evidentiary record at his bench trial. (*See* Doc. 11, Ex. 14). The trial court overruled the post-conviction petition on October 15, 2009 because the petition was not filed in a timely manner within "180 days after the filing of transcripts in the direct appeal," as required by Ohio Rev. Code § 2953.21(A), and petitioner had not claimed that the untimely filing should be excused under any exception set forth in Ohio Rev. Code § 2953.23. (Doc. 11, Ex. 16). Petitioner did not pursue an appeal in the state courts from the denial of his post-conviction petition, and took no action thereafter to pursue any further available relief in the state courts with respect to his ineffective assistance of counsel claims. (*See* Doc. 11, Brief, p. 5 & Ex. 18).

Petitioner did not file his motion to amend the petition to include the claim challenging the effectiveness of his counsels' representation until after the respondent filed the return of writ in this case, arguing that the sole ground for relief alleged in the petition, which was raised on direct appeal, is subject to dismissal on procedural waiver grounds. Given the timing of petitioner's requests at this late juncture in the proceedings, a strong argument can be made that his attempts to add a claim that was not raised on direct appeal as a ground for relief and to stay this case so that he can exhaust that claim in the state courts amounts to "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 277.

6

Finally, petitioner has not shown that the ineffective assistance of appellate counsel claim he now seeks to add as a ground for relief and to exhaust in the state courts is "potentially meritorious." *See id.* at 278.  Petitioner has neither cited nor presented evidence even remotely suggesting that the decision to enter the "Agreed Stipulation Of Facts" amounted to ineffective assistance or anything other than sound trial strategy in order to present a close case on the evidence with respect to the most serious charge of robbery.

It is, therefore, **RECOMMENDED** that petitioner's motion to stay the instant action while he exhausts a state court remedy (Doc. 15) be **DENIED**.  Petitioner's motion to amend the petition to add an ineffective assistance of appellate counsel claim as a ground for relief (Doc. 16) should also be **DENIED**.  If petitioner were allowed to amend the petition to add the unexhausted claim, the petition would be subject to dismissal without prejudice as a "mixed" petition.  *See Lundy,* 455 U.S. at 510, 522.  Dismissal of the petition at this late juncture triggers concerns that any subsequent habeas petition filed by petitioner would be dismissed with prejudice on statute-of-limitations grounds.  In such a circumstance, habeas review of the exhausted sufficiency-of-evidence claim, which presents a much stronger argument for relief, would be foreclosed.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's motion to amend the petition (Doc. 16) and "Motion to Place Habeas Corpus Petition in Abeyance to Allow Petitioner to Exhaust his State Court Remedies" (Doc. 15) be **DENIED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

J:\Courtney\TSH\BRYANCC\2011 habeas\10-674deny.staymtn-amdpet.wpd
cbc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS LEE ECKERT, JR.,            Civil Action No. 1:10-cv-674
    Petitioner

vs            Barrett, J.
           Bowman, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).