UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Lee Eckert, Jr.,

    Petitioner,

    v.

Warden, Lebanon Correctional Institution,

    Respondent.

Case No.: 1:10-cv-674

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's June 23, 2011, Report and Recommendation ("Report") (Doc. 17)[1] and Petitioner Dennis Lee Eckert, Jr.'s, corresponding Motion to Place Habeas Corpus Petition in Abeyance to Allow Petitioner to Exhaust his State Court Remedies (Doc. 15) ("Motion to Stay) and Motion for Leave of Court to Amend Pending Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254 (Doc. 16) ("Motion to Amend). The Report recommends that both of Petitioner's motions be denied. (Doc. 17, 7.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Petitioner has filed a timely Objection (Doc. 22).

Petitioner's Objection is ripe for review. For the reasons stated below, the Court overrules Petitioner's Objection, and the Report is ADOPTED in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 17, 8.)

**I.     Background**

Only the most basic facts are necessary here. Petitioner has filed a 28 U.S.C. § 2254 pro se petition for a writ of habeas corpus. He challenges his conviction on charges of robbery and theft after a 2008 bench trial. Petitioner's sole ground for relief is that the evidence supporting his robbery conviction was insufficient. Respondent counter argued that Petitioner has procedurally defaulted and waived his claim because he did not pursue a timely appeal to the Ohio Supreme Court. In response, Petitioner filed the Motion to Stay and Motion to Amend currently under consideration to add a claim of ineffective assistance of appellate counsel and to stay this action so that he may exhaust that claim in the state courts. (Doc. 17, 1.)

After a thorough discussion, the Report first concluded that the applicable stay-and-abeyance procedure is inapplicable to this case. Furthermore, even if the stay-and-abeyance procedure were applicable, its criteria have not been satisfied here. (Doc. 17, 5.) The Report also stated that "[g]iven the timing of petitioner's requests at this late juncture in the proceedings, a strong argument can be made that his attempts to add a claim that was not raised on direct appeal as a ground for relief and to stay this case so that he can exhaust that claim in the state courts amounts to 'abusive litigation tactics or intentional delay.'" (Doc. 17, 6) (*quoting Rhines v. Weber*, 544 U.S. 269, 277 (2005)). Thus, the Report concluded that Petitioner's claim of ineffective assistance of appellate counsel is not "potentially meritorious." (Doc. 17, 7) (*quoting Rhines*, 544 U.S. at 278). Accordingly, the Report recommends that Petitioner's Motion to Stay and Motion to Amend be denied. (Doc. 17, 7.)

**II.     Analysis**

   **A.     Standard**

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

   **B.     Petitioner's Objections**

Petitioner has filed an Objection challenging the Report's recommendations. He makes several arguments that the Court must construe as objections given his pro se status. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se pleadings are to be "liberally construed"). However, Petitioner's arguments are all meritless. They warrant only brief discussion.

First,[3] Petitioner asserts that the "determination of whether he has satisfied 'good cause' for his delay in filing his Application to Reopen his Direct Appeal should be left up to the State Appellate Court . . . ." (Doc. 22, 2.) This is an incorrect statement of law. The United States Supreme Court has declared that "stay and abeyance is only

---

[3] Petitioner's assertion that he "objects to the Magistrate's conclusion on pages 5, 6, and 7," (Doc. 22, 1) is a general objection that does not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).

3

appropriate when the *district court* determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (emphasis added). Any determination of good cause here is up to this Court.

Second, Petitioner states that if the district court blocks his duty of "fair presentation" in the state courts that would constitute a due-process violation. (Doc. 22, 2.) This is also an incorrect statement of law. As the Report stated, under the fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999), which in Ohio includes discretionary review in the Ohio Supreme Court, *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The fair-presentation requirement does not constitute a due-process violation.

Finally, Petitioner presents the following points: "many delayed application[s] to reopen a direct appeal [have] been granted"; "Petitioner has been prevented from obtaining transcripts of his appeal in a timely manner"; "Petitioner did not discover that his appeal was even decided until long after the ninety day time limit had elapsed"; "[t]he magistrate judge has done the job of the prosecutor by opposing his request, even without any input from the State opposing this action"; and "Petitioner is only seeking his right to access to the courts . . . ." (Doc. 22, 2.) Each of these points is entirely meritless. No analysis is necessary here. Any objections based on these statements, and on Petitioner's above arguments, are all OVERRULED.

### III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal

4

5

Rules of Civil Procedure, the Court finds Magistrate Judge Stephanie K. Bowman's Report (Doc. 17) to be thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety. Petitioner's objections are **OVERRULED**. As the Report recommends (Doc. 17, 7), Petitioner's Motion to Stay (Doc. 15) and Motion to Amend (Doc. 16) are both **DENIED**.

    **IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge
